# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

BRUCE COMMITTE,

    Plaintiff,

vs.   Case No. 4:15cv228-MW/CAS

BOARD OF TRUSTEES OF THE
FLORIDA STATE UNIVERSITY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Several motions to dismiss have been pending in this case. ECF Nos. 21, 38, 39, 42, and 51. Ruling on the motions had been deferred while awaiting service of process on all named Defendants. The parties were advised in several orders that the Court intended to address all motions at the same time. ECF Nos. 43, 52. Judicial economy is benefitted by that process. Mr. Committe, however, has now filed a motion requesting leave to file a second amended complaint. ECF No. 54. He explains that he seeks to remove Mr. Bense as a Defendant and add an additional claim that Defendants' actions were irrational and a denial of

equal protection, as well as a "third claim for violation of Plaintiff's right to academic freedom." ECF No. 54. Mr. Committe submitted the proposed second amended complaint, ECF No. 55, simultaneously with his motion, ECF No. 54. This Report and Recommendation is entered only on the motion to amend, and does not address the motions to dismiss.

Amendments to a pleading are governed under Rule 15 of the Federal Rules of Civil Procedure. "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). The motion to amend has been filed more than 21 days after service of process and service of Rule 12(b) motions to dismiss. Thus, Rule 15(b) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(b). The motion does not demonstrate Defendants' written consent and, thus, leave of court is required. Rule 15 states, however, that courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(b).

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a

    substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). If "underlying facts or circumstances" provide a proper and viable basis for relief, then leave to amend "should be freely given." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Futility of amendment is sufficient cause under Rule 15 to deny permission to amend. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-1263 (11th Cir. 2004); Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). When an amended complaint fails to state a viable claim, it is not an abuse of discretion to deny a motion to amend. Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010). Furthermore, a motion for leave to amend may be denied on the basis of "undue delay." Foman, 371 U.S. at 182, 83 S.Ct. 227.

    First, Mr. Committe does not need to file an amended complaint to dismiss Allan Bense as a Defendant from this case. Mr. Bense was previously named as a Defendant, *see* ECF No. 11 at 2, but Mr. Committe filed a notice advising that he was voluntarily dismissing Mr. Bense from this action. ECF No. 48 at 5. The notice was accepted pursuant to Rule 41(a)(1)(A) and Mr. Bense was dismissed on May 26, 2016. ECF No. 50.

Therefore, amendment for this purpose is not necessary and does nothing to move this case forward.  Indeed, permitting Mr. Committe's amended complaint would result in undue delay as a new round of motions to dismiss would be filed because the vast majority of the factual allegations of the complaint remain unchanged.  This case should move forward, but permitting the proposed amendment would not move the case in that direction.

Second, the first amended complaint already contained a claim for the denial of equal protection.  ECF No. 11 at 10-12.  Mr. Committe alleged that the decision of Defendants "not to hire him was irrational."  *Id.* at 12.  The proposed second amended complaint added only that the decision "was irrational because it was capricious, arbitrary, and in violation of FSU's own policies governing new faculty hires."  ECF No. 55 at 12.  Mr. Committe provides no other relevant facts.  Thus, the proposed second amended complaint does not alter what was already presented as an equal protection claim on the basis of irrationality.

The primary purpose of the proposed second amended complaint, however, is to add a new claim.  Mr. Committe asserts in Count III that Defendants "acted in concert to deny Plaintiff Bruce Committe his academic freedom which denial was in alternative to, or otherwise in

addition to, [D]efendants' denial of Plaintiff's right to equal protection of the laws in making the decision not to hire him." ECF No. 55 at 15. Mr. Committe contends that the "denial of academic freedom" is "a violation of the Fourteenth Amendment's guarantee of liberty save due process of law." Id.

Claim III is duplicative as an equal protection claim and bears on this case only to the degree there is a viable claim for the denial of "academic freedom." In Keyishian v. Bd. of Regents of Univ. of State of N.Y., 385 U.S. 589, 603, 87 S. Ct. 675, 683, 17 L. Ed. 2d 629 (1967), the Supreme Court noted that the United States was "deeply committed to safeguarding academic freedom, which is of transcendent value to all of us and not merely to the teachers concerned." It is, thus, a recognized "freedom," but within the concept of the First Amendment. Keyishian concerned the "so-called 'Feinberg Certificate'" which required personnel of colleges and other higher education institutions to sign a certificate declaring, among other things, that he or she was not a member of the Communist Party. 385 U.S. at 595-96, 87 S. Ct. at 679-80. Membership in "subversive" organizations deemed a candidate ineligible for continued employment, and a candidate's refusal to answer relevant questions constituted

"sufficient ground to refuse to make or recommend appointment." *Id.* at 596, 87 S. Ct. at 680.

This case, however, does not involve loyalty oaths, censorship, the regulation of speech or suppression of "the marketplace of ideas." 385 U.S. at 603, 87 S. Ct. at 683; *see also* Healy v. James, 408 U.S. 169, 180, 92 S.Ct. 2338, 2346, 33 L.Ed.2d 266 (1972). There are no facts alleged which reveal any Defendant regulated Mr. Committe's speech, prohibited scholarship, or intruded into his expressive conduct. Moreover, "academic freedom 'is not an independent First Amendment right.'" Bishop v. Aronov, 926 F.2d 1066, 1075 (11th Cir. 1991) (quoted in Faculty Senate of Florida Int'l Univ. v. Winn, 477 F. Supp. 2d 1198, 1207 (S.D. Fla. 2007)).

Because the proposed second amended complaint does not present a viable claim in count III, amendment is futile. Therefore, the motion to file a second amended complaint, ECF No. 54, should be denied. This case should continue based on the first amended complaint, ECF No. 11, filed over a year ago.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to file a second amended complaint, ECF No. 54, be **DENIED** as futile. It is further **RECOMMENDED** that the case proceed on

the first amended complaint, and the case be **REMANDED** for further proceedings, including review of the pending motions to dismiss.

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2016.


    s/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**