IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRUCE COMMITTE,

    Plaintiff,

vs.                                              Case No. 4:15cv228-MW/CAS

BOARD OF TRUSTEES OF THE
FLORIDA STATE UNIVERSITY, et al.,

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION[1]

Several motions to dismiss are pending in this case. ECF Nos. 21, 38, 39, 42, and 51. Ruling was deferred until service of process on all Defendants was complete. ECF Nos. 43, 52. Mr. Committe was advised of his obligation to respond to each of the motions, ECF Nos. 22, 40, 43, and 52, and he has filed a response to each motion. ECF Nos. and 53.

Mr. Committe named ten Defendants in the First Amended Complaint (hereinafter "complaint"): the Board of Trustees of the Florida State

---

[1] An earlier Report and Recommendation was entered on July 7, 2016, addressing Mr. Committe's motion requesting leave to file a second amended complaint. ECF No. 56. That Report and Recommendation was adopted. ECF No. 59.

University (hereinafter FSU), Allan Bense, Eric J. Barron, Garnett S. Stokes, Caryn L. Beck-Dudley, Martin "Bud" Fennema, Frank Heflin, Jeffrey Patterson, Allen Blay, and Richard Morton. ECF No. 11.[2] Service was never carried out on Defendant Bense and Mr. Committe voluntarily dismissed his claim as to that Defendant, proceeding against the remaining nine Defendants. See ECF No. 48 at 5; ECF No. 50 at 4-5.

Plaintiff raises two claims in the complaint: (1) age discrimination in employment and (2) an equal protection claim. Id. He contends that absent the denial of equal protection and age discrimination, he "would have been hired instead of the person actually hired." Id. at 8.

Mr. Committe is more than forty years of age. ECF No. 11 at 9. He asserts he was well qualified for the assistant professor of accounting position and submitted his application for the "position which was to begin in August 2013."[3] Id. Instead of hiring Mr. Committe, FSU "hired a much younger person." Id. at 10. The age discrimination claim is brought solely against FSU. ECF No. 11 at 8.

---

[2] The proceedings have clarified that Mr. Committe incorrectly spelled the surname of Defendants Paterson and Bay. See ECF No. 21. The correct spelling (Patterson and Blay) is used instead.

[3] Mr. Committe attached his complaint filed with the Florida Commission on Human Relations which clarifies that he applied for "positions" on August 15, 2012. ECF No. 11 at 15. He claimed that younger faculty were hired using "more lenient criteria" than was used to evaluate his application. Id.

The equal protection claim is brought against the other individual Defendants. *Id.* at 10-11. Mr. Committe alleges that the Defendants "acted in concert to discriminate against Plaintiff Bruce Committe on the basis of his age." *Id.* at 11-12. He also asserts that the decision to not recommend him for the position was irrational. *Id.* at 12. Mr. Committe sues these Defendants in their individual capacities under 42 U.S.C. § 1983. *Id.* at 11.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[4] "A claim has facial plausibility

---

[4] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless

claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in Twombly, 127 S.Ct. at 1966). The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949. A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation." 556 U.S. at 678, 129 S.Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S., at 555, 127 S.Ct. 1955).

Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950. The first consideration is whether the complaint presents "well-pleaded factual allegations" which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. at 1950. If the complaint contains factual allegations that are well pled, the second step is to consider whether the non-conclusory factual allegations "plausibly give

rise to an entitlement to relief." *Id.* If so, a motion to dismiss should be denied. *Id.,* at 680, 129 S.Ct. at 1950-51 (citations omitted).

## A.  First Motion to Dismiss, ECF No. 21

Defendants Fennema, Heflin, Patterson, Blay, and Morton filed a motion to dismiss count II. ECF No. 21. Defendants point out that the complaint improperly sought to incorporate by reference paragraphs 1-29 into count II. *Id.* at 2-3 (citing ECF No. 11 at 11). The early paragraphs are asserted against FSU and not the individual Defendants. Primarily, however, Defendants argue that count II of the complaint asserts an equal protection claim under 42 U.S.C. § 1983. ECF No. 21 at 3-5 (citing ECF No. 11 at 10-12). Defendants assert that there is no individual liability under either Title VII or the Age Discrimination in Employment Act of 1967 ("ADEA"). ECF No. 21 at 3-4. Additionally, Defendants point out that the "ADEA is the exclusive remedy for claims of age discrimination and a plaintiff may not assert a separate claim under § 1983." *Id.*

Mr. Committe argues in response that his "equal protection claim regards broader wrongdoings than the narrow age discrimination claim." ECF No. 27 at 3. He contends that the ADEA does not preempt § 1983 claims and relies on the Seventh Circuit's opinion in <u>Levin v. Madigan</u>. *Id.* at 3. Finally, Mr. Committe suggests that count II seeks to assert liability

against the individuals "who contributed" to the age discrimination claim brought against FSU.  *Id.* at 2.

Mr. Committe, thus, argues that Levin supports his position that an equal protection claim under § 1983 is not preempted by the ADEA.[5]  On the other hand, Defendants argue that the majority view among courts is that the ADEA is the exclusive remedy and only the Seventh Circuit disagrees.

In Levin v. Madigan, 692 F.3d 607, 616 (7th Cir. 2012),[6] the court noted that "[a]ll other circuit courts to consider the issue have held that the ADEA is the exclusive remedy for age discrimination claims, largely relying on the Fourth Circuit's reasoning in Zombro v. Baltimore City Police Department, 868 F.2d 1364 (4th Cir. 1989)." Levin, 692 F.3d at 616 (citing Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1057 (9th Cir. 2009); Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003); Migneault v. Peck, 158 F.3d 1131, 1140 (10th Cir. 1998), vacated on other grounds

---

[5] Section 623(a) of the ADEA makes it "unlawful for an employer— (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C.A. § 623(a)(1) (2015) (quoted in Equal Employment Opportunity Comm'n v. Darden Restaurants, Inc, 143 F. Supp. 3d 1274, 1279 (S.D. Fla. 2015)).

[6] The Supreme Court granted certiorari, 133 S. Ct. 1600 (2013), heard oral argument, but then dismissed the writ as improvidently granted, 134 S. Ct. 2 (2013). Kilpatrick, 2016 WL 3251605, at *3.

sub nom., Bd. of Regents of Univ. of N.M. v. Migneault, 528 U.S. 1110, 120 S.Ct. 928, 145 L.Ed.2d 806 (2000); Lafleur v. Tex. Dep't of Health, 126 F.3d 758, 760 (5th Cir. 1997); Chennareddy v. Bowsher, 935 F.2d 315, 318 (D.C. Cir. 1991).  Although the Eleventh Circuit "has not yet weighed in on this debate," the Court has noted that the majority of Circuit Courts of Appeal have held that the "ADEA precludes the filing of age discrimination claims under section 1983." Duva v. Bd. of Regents of the Univ. Sys. of Ga., No. 15-14752, 2016 WL 3454155, at *2 (11th Cir. June 24, 2016) (citing Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003); Hildebrand v. Allegheny Cnty., 757 F.3d 99, 110 (3rd Cir. 2014); Zombro v. Balt. City Police Dep't, 868 F.2d 1364, 1369 (4th Cir. 1989); Lafleur v. Tex. Dep't of Health, 126 F.3d 758, 760 (5th Cir. 1997); Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1057 (9th Cir. 2009); Migneault v. Peck, 158 F.3d 1131, 1140 (10th Cir. 1998), vacated on other grounds by Bd. of Regents of Univ. of N.M. v. Migneault, 120 S. Ct. 928 (2000); Chennareddy v. Bowsher, 935 F.2d 315, 318 (D.C. Cir. 1991); *but see* Levin v. Madigan, 692 F.3d 607, 617 (7th Cir. 2012) (concluding that the ADEA does not preclude section 1983 equal protection claims).  District Courts within the Eleventh Circuit have weighed in on this debate, and have followed the majority view that the ADEA is the exclusive remedy for age discrimination

claims. Collins v. Fulton Cty. Sch. Dist., No. 1:12-CV-1299-ODE-JSA, 2012 WL 7802745, at *24 (N.D. Ga. Dec. 26, 2012); Kilpatrick v. Crenshaw Cty. Comm'n, No. 2:13CV953-MHT, 2016 WL 3251605, at *4 (M.D. Ala. June 8, 2016), judgment entered sub nom. Kilpatrick v. Crenshaw Cty. Comm'n, No. 2:13CV953-MHT, 2016 WL 3234562 (M.D. Ala. June 8, 2016) (dismissing age discrimination claim brought as an equal protection claim under § 1983); McNa v. Commc'ns Inter-Local Agency, 551 F. Supp. 2d 1343, 1348 (M.D. Fla. 2008) (holding that plaintiff could not "maintain a section 1983 claim to the extent that she bases the claim on underlying violations of the ADA or ADEA" but refraining from deciding whether a disability discrimination claim could proceed under § 1983 because it still failed as an Equal Protection claim); Ring v. Crisp Cty. Hosp. Auth., 652 F.Supp. 477, 482 (M.D. Ga.1987) (concluding "that the ADEA is the exclusive remedy for claims of age discrimination, whether those claims are founded on the Constitution or on rights created by the ADEA."); Ford v. City of Oakwood, Ga., 905 F. Supp. 1063, 1066 (N.D. Ga. 1995) (concluding "that age discrimination claims are not actionable under section 1983."). *But see* McCampbell v. Bishop State Cmty. Coll., No. CIV.A.-12-0415-WS-N, 2013 WL 5979752, at *3 (S.D. Ala. Nov. 12, 2013) (assuming without deciding "that a claim for age discrimination in employment may be

brought under § 1983" but nevertheless holding that plaintiff had "not shown that defendants' stated legitimate reasons for not hiring him were a pretext for unlawful age discrimination.").

Guiding those decisions were closely related cases from the Fifth and Eleventh Circuits which "inferred congressional intent to limit claims of age discrimination in federal employment to the ADEA, and to foreclose federal employees' ability to bring separate equal protection claims outside the ADEA."  Collins, 2012 WL 7802745, at *25 (citing Paterson v. Weinberger, 644 F.2d 521, 525 (5th Cir. 1981)[7] (holding that "by establishing the ADEA's comprehensive scheme for the resolution of employee complaints of age discrimination in federal employment, Congress clearly intended that all such claims of age discrimination be limited to the rights and procedures authorized by the Act as previously described in this opinion."); Kilpatrick, 2016 WL 3251605, at *3 (relying on Ray v. Nimmo, 704 F.2d 1480, 1485 (11th Cir. 1983), which held that the "ADEA is the exclusive remedy for age-discrimination claims brought by federal employees.")); *see also* Lafleur v. Texas Dep't of Health, 126 F.3d 758, 760 (5th Cir. 1997) (holding

---

[7] Paterson was decided on May 8, 1981.  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"that where a plaintiff asserts a claim of age discrimination under § 1983 and where the facts alleged will not independently support a § 1983 claim, the plaintiff's age discrimination claim is preempted by the ADEA").

The Supreme Court has held in a variety of contexts, "that a precisely drawn, detailed statute pre-empts more general remedies." Brown v. Gen. Servs. Admin., 425 U.S. 820, 834, 96 S. Ct. 1961, 1968, 48 L. Ed. 2d 402 (1976) (citations omitted). Section 1983 does not create substantive rights and is a general remedy for the deprivation of rights secured by other federal law and the Constitution. Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979) (cited in Zombro, 868 F.2d at 1366). The ADEA, however, is "a comprehensive statutory scheme to prohibit discrimination in employment on the basis of age." 868 F.2d at 1366. The undersigned agrees with the seven circuits (First, Third, Fourth, Fifth, Ninth, Tenth, and D.C.) which have held "that the ADEA provides the exclusive judicial remedy for claims of age discrimination." Zombro, 868 F.2d at 1369. Furthermore, absent a decision on this issue from the Eleventh Circuit, the Fifth Circuit's opinion in Paterson v. Weinberger, 644 F.2d 521, 524 (5th Cir. 1981), holding that the ADEA is the exclusive remedy for age discrimination in federal employment, carries great weight. Mr. Committe cannot "circumvent the ADEA by suing under §

1983." Collins, 2012 WL 7802745, at *25.  Pursuant to the ADEA, there is no individual liability.  Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996) (citing Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991) (holding that "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.").  The motion to dismiss filed by Defendants Fennema, Heflin, Patterson, Blay, and Morton, ECF No. 21, should be **granted**.

### B.   Second and Third Motions to Dismiss, ECF Nos. 38, 39

Defendant Caryn Beck-Dudley, ECF No. 38, and Defendant Garnett Stokes, ECF No. 3, adopt and incorporate by reference the arguments raised in the motion to dismiss filed by Defendants Fennema, Heflin, Patterson, Blay, and Morton.  ECF No. 21.  Mr. Committe similarly adopts his prior response.  ECF No. 41 (citing to ECF No. 27).  For the reasons stated above, these motions to dismiss should also be **granted**.

### C.   Fourth and Fifth Motions to Dismiss, ECF Nos. 42, 51

Defendant Eric Barron presented the identical motion to dismiss, ECF No. 42, filed by Defendants Fennema, Heflin, Patterson, Blay, and Morton filed a motion to dismiss count II.  ECF No. 21.  Defendant FSU moves to dismiss this case on the basis of sovereign immunity under the Eleventh Amendment.  ECF No. 51 at 2.  Mr. Committe again urges this Court to

follow the opinion of the Seventh Circuit, additionally arguing that he should be entitled to monetary damages.  ECF No. 44 at 5-7.  He argues that FSU has waived its Eleventh Amendment immunity.  ECF No. 53 at 1-3.  He also argues that the Kimel decision was made in "error"and should be reversed.  *Id.* at 4-10.

The Supreme Court concluded in Kimel v. Florida Bd. of Regents, 528 U.S. 62, 78-83, 120 S. Ct. 631, 642-46, 145 L. Ed. 2d 522 (2000), "that Congress unequivocally expressed its intent to abrogate the States' Eleventh Amendment immunity" under the ADEA, but concluded that the ADEA was "not appropriate legislation" under § 5 of the Fourteenth Amendment.  *See* Duva, 2016 WL 3454155, at *1.  A state's intent to be sued in federal court must be clear and not ambiguous.  Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 676, 119 S. Ct. 2219, 2226, 144 L. Ed. 2d 605 (1999) (cited in Crisman v. Florida Atl. Univ. Bd. of Trustees, 572 F. App'x 946, 949 (11th Cir. 2014) (holding that district court "erred by denying FAU's motion to dismiss Crisman's FL–ADEA claim.").  Florida has not waived its Eleventh Amendment immunity, is a "nonconsenting state," and FSU, as an agency of the State of Florida, is protected by Eleventh Amendment immunity.  ECF No. 51 at 2-3.  Duva, 2016 WL 3454155, at *1 (finding the district court properly

dismissed "Duva's ADEA claim against the Board as barred by the Eleventh Amendment.").[8]  Mr. Committe is not entitled to money damages and his claims must be dismissed.  This Court cannot reverse a decision of the United States Supreme Court.  The fourth and fifth motions to dismiss, ECF Nos. 42 and 51, should also be **granted**.

---

[8] Mr. Committe sued the individual Defendants in their individual capacities only. ECF No. 11 at 11.  Thus, "the exception established in *Ex parte Young* is inapplicable." 2016 WL 3454155, at *1.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that all of the motions to dismiss, ECF Nos. 21, 38, 39, 42, and 51, be **GRANTED,** and the first amended complaint, ECF No. 11, be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 26, 2016.

   s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Written objections to these proposed findings and recommendations must be filed within 14 days after being served with a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of the objections shall be served upon all other parties.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.  A party may respond to another party's objections within 14 days after being served with a copy thereof.**